IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,223-01






EX PARTE HICKS EDWARD ELLIFF, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 82-CR-10284-B IN THE 117TH JUDICIAL DISTRICT COURT
OF NUECES COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of murder, and punishment was assessed at fifty-five years'
confinement. Applicant's conviction was affirmed on appeal. Elliff v. State , No. 13-82-191-CR (Tex. App. --Corpus Christi, delivered, October 27, 1983, no pet.)

 Applicant contends that the prosecution failed to disclose exculpatory evidence to the
defense. Specifically, he provides affidavits from two eye-witnesses, both of whom allege
that they told the prosecutor prior to Applicant's trial that another individual, Kurt Dinger,
was responsible for the stabbing. According to Applicant's trial counsel, he was unaware
of the existence of these witnesses, or of the information provided in their affidavits, until 
more than twenty years after Applicant's conviction. Kurt Dinger testified at the trial of
William Klasing, another defendant in this case, just a few weeks after Applicant's trial. In
the Klasing trial, Dinger testified under oath that it was he, not Applicant or Klasing, who
stabbed the victim. Klasing was nonetheless convicted of the murder, under the law of
parties. Dinger was apparently charged with aggravated perjury arising from his testimony
in the Klasing trial. However, the charges were eventually dismissed.

 Bill May, the Assistant District Attorney who prosecuted Applicant's case, has
provided an affidavit in which he states that he recalls interviewing one of the allegedly
undisclosed witnesses. According to May's affidavit, the witness did not tell him that
someone other than Applicant committed the crime. May's affidavit does not address the
affidavit of the other allegedly undisclosed witness, in which the witness states that he was
interviewed by "a District Attorney" prior to Applicant's trial. Although this second witness
cannot recall who the District Attorney was, he states in his affidavit that the DA threatened
to file charges against him because he insisted that Applicant was not the one who stabbed
the victim. 

 The State argues that Applicant's claims should be denied under the doctrine of
laches, because he did not raise the claims for almost twenty-three years. However, there is
nothing in the record to show when or how Applicant discovered the existence of the
undisclosed witnesses. The State alleges that it has been prejudiced in its ability to respond
to Applicant's claims because the District Attorney in office at the time of Applicant's trial
is no longer living. However, ADA May was the attorney who prosecuted Applicant's case,
and he is still available to address claims relating to Applicant's case. Moreover, the State
indicates in its response that District Attorney William Mobley died "shortly after
Applicant's trial." Therefore, the prejudice to the State's ability to respond to Applicant's
claim was not caused by Applicant's delay. The State would have been equally prejudiced 
in its ability to respond if Applicant had made his claim twenty years earlier.

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved facts material to the legality of the Applicant's confinement...." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court shall resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it shall hold a live evidentiary hearing. 

 Before holding the hearing, the court shall first decide whether Applicant is indigent. 
If the court finds that Applicant is indigent and Applicant desires to be represented by
counsel, the trial court will then, pursuant to the provisions of Tex. Code Crim. Proc. art.
26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall order the Nueces County District Attorney's office to produce all
records in its possession of witness interviews conducted in connection with this case. The
court shall also order the Nueces County District Attorney's office to produce any records
relating to aggravated perjury charges filed against Kurt Dinger as a result of his testimony
in the Klasing case. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the prosecution was aware of the two allegedly undisclosed witnesses, Alex
Porter and Ronald St. Clair Browning, prior to Applicant's trial, and whether the prosecution
was aware of the fact that Porter and Browning could provide exculpatory information to the
defense. If the trial court finds that the prosecution was aware of the fact that Porter and
Browning witnessed the offense, the court shall make findings as to whether this information
was disclosed to the defense. 

 The trial court shall also make findings as whether Kurt Dinger was subpoenaed to
testify at Applicant's trial. If he was, the trial court shall make findings as to why Dinger
testified in the Klasing trial but not in Applicant's trial. The court shall make findings as to
whether Dinger was charged with aggravated perjury arising from his testimony in the
Klasing trial, and, if so, why those charges were eventually dismissed. The court shall also
make findings as to whether Porter and Browning testified at the Klasing trial, and if so, what
the substance of their testimony was. The court shall make findings as to how and when
Applicant became aware of the existence of these two witnesses. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within one hundred and twenty days of the
date of this order. (2)


 IT IS SO ORDERED THIS THE 7TH DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.